IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,       )
                          )   No. 74966-8-I
            Respondent,    )
                          )   DIVISION ONE
      v.                   )
                          )
PAWEL ALBIN ORLINSKI,      )   UNPUBLISHED OPINION
                          )
            Appellant.     )   FILED: July 24, 2017
_____ )

BECKER, J. — Evidence that a police officer was disciplined for violating official policy in his relationship with a confidential informant was not relevant to his credibility as the investigating officer who discovered appellant in possession of methamphetamine. The trial court did not err in excluding the evidence. We affirm appellant's conviction for possession.

Deputy Mark Brown encountered appellant Pawel Orlinski acting erratically in the street one night in June 2015. Deputy Brown searched Orlinski incident to arrest and found a baggie with a substance later identified as methamphetamine. A jury convicted Orlinski of possession of methamphetamine. He appeals and argues that the trial court violated his constitutional right to present a defense by limiting his cross-examination of Deputy Brown.

No. 74966-8-I/2

Orlinski wanted to cross-examine Deputy Brown about two internal investigations. In 2009, Deputy Brown was investigated for transporting a confidential informant in his patrol car in violation of department policy. Allegedly, he had a sexual relationship with the informant. Then at the time of trial in this case, another internal investigation was pending concerning an allegation that Deputy Brown lied to a sergeant by concealing the fact that he made a traffic stop when he was not on duty.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

    Respondent,

  v.

PAWEL ALBIN ORLINSKI,

    Appellant.

)
)
)
)
)
)
)
)
)
)
)

No. 74966-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 24, 2017

2017 JUL 24 AM 8:45
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

BECKER, J. — Evidence that a police officer was disciplined for violating official policy in his relationship with a confidential informant was not relevant to his credibility as the investigating officer who discovered appellant in possession of methamphetamine. The trial court did not err in excluding the evidence. We affirm appellant's conviction for possession.

Deputy Mark Brown encountered appellant Pawel Orlinski acting erratically in the street one night in June 2015. Deputy Brown searched Orlinski incident to arrest and found a baggie with a substance later identified as methamphetamine. A jury convicted Orlinski of possession of methamphetamine. He appeals and argues that the trial court violated his constitutional right to present a defense by limiting his cross-examination of Deputy Brown.

Orlinski wanted to cross-examine Deputy Brown about two internal investigations. In 2009, Deputy Brown was investigated for transporting a confidential informant in his patrol car in violation of department policy. Allegedly, he had a sexual relationship with the informant. Then at the time of trial in this case, another internal investigation was pending concerning an allegation that Deputy Brown lied to a sergeant by concealing the fact that he made a traffic stop when he was not on duty.

The trial court allowed cross-examination only about the pending investigation:

> THE COURT: Okay. At this point the prior incident with respect to sexual misconduct and misconduct with the confidential informant, unless there is evidence—and I haven't been presented with any at this point—that Deputy Brown . . . at the time of Mr. Orlinski's arrest and at the time he wrote his report was somehow facing loss of his job or something like that such that he would have some motive to fabricate what occurred with Mr. Orlinski, I just don't see how that prior disciplinary matter is really relevant to anything.
> With respect to the current investigation for dishonesty, I don't know what the stage of the investigation is or the adjudicative process. . . . But it does appear to me to be relevant generally to Deputy Brown's credibility and given that he's the sole witness in this case as to the reasons why Mr. Orlinski was detained in the first instance or that he even came into contact with Mr. Orlinski in the first instance, I think that that evidence is relevant at least for purposes of cross-examination under ER 608 and I'm going to permit it in cross-examination.

Orlinski argues that the trial court violated his Sixth Amendment right to present a defense and ER 608(b) by refusing to allow him to cross-examine Deputy Brown about the 2009 internal investigation.

A court's limitation of the scope of cross-examination will not be disturbed unless it is the result of manifest abuse of discretion. State v. Darden, 145

Wn.2d 612, 619, 41 P.3d 1189 (2002). The more essential the witness is to the prosecution's case, the more latitude the defense should be given to explore fundamental elements such as motive, bias, credibility, or foundational matters. Darden, 145 Wn.2d at 619.

The right to confront and cross-examine adverse witnesses is guaranteed by both the federal and state constitutions. U.S. CONST. amend 6; WASH. CONST. art. 1, § 22. The primary and most important component is the right to conduct a meaningful cross-examination of adverse witnesses. The purpose is to test the perception, memory, and credibility of witnesses. Darden, 145 Wn.2d at 620. Still, the confrontation right and the right to associated cross-examination are limited by general considerations of relevance. Darden, 145 Wn.2d at 621. See ER 401, 403. There is no right, constitutional or otherwise, to have irrelevant evidence admitted. Darden, 145 Wn.2d at 624.

Evidence is relevant if it has a tendency to make the existence of any fact of consequence more probable or less probable than it would be without the evidence. ER 401.

The allegation against Deputy Brown in 2009 stated in full:

> It is alleged that Deputy Mark Brown is involved in the following misconduct: 1. Is having or has had a sexual relationship with a KCSO and DEA confidential/transactional informant [name redacted]. [Name redacted] is an habitual drug user with a criminal history. 2. That this relationship occurred and was primarily conducted during Deputy Brown's working hours. 3. That Deputy Brown's relationship with [name redacted] jeopardized a Federal drug investigation in which [name redacted] is a key witness. 4. As a result, it is alleged that Deputy Brown's conduct is this matter has caused diminished respect and confidence in the Sheriff's Office and that his conduct can reasonably be conceived to compromise the integrity or credibility of himself and the Sheriff's Office. 5. That

> Deputy Brown transported [name redacted] in his patrol car while on-duty without advising his supervisor or having a hold harmless waiver on file.

Deputy Brown received a written reprimand for transporting a civilian rider with whom he had a relationship. "This was done without the required permission from a supervisor, and without the proper hold-harmless paperwork and background work done."

There was no allegation that Deputy Brown was untruthful. His improper behavior was not probative of his truthfulness. It did not reflect a motivation to fabricate a justification for his actions to avoid further disciplinary action. His violation of the rules of the King County Sheriff's Office did not make it more or less likely that he lied about finding methamphetamine in Orlinski's possession.

The trial court properly allowed Orlinski to cross-examine Deputy Brown about the pending investigation, which did involve his credibility, and Orlinski used it to argue that the officer was not credible. Because the internal investigation in 2009 was not relevant to Deputy Brown's credibility, the trial court did not abuse its discretion by precluding Orlinski from delving into it on cross-examination.

The same outcome is obtained under ER 608(b). This evidence rule provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, *if probative of truthfulness or untruthfulness*, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness.

4

(Emphasis added.) Because the internal investigation into the 2009 ride-along was not probative of Deputy Brown's character for truthfulness or untruthfulness, ER 608(b) did not provide an alternative basis for cross-examination on that topic.

The State is not seeking appellate costs. Appellate costs shall not be imposed.

Affirmed.

Becker, J.

WE CONCUR:

Mann, J.